

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
## BEAUMONT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | § |
| | § |
| v. | § CASE NO. 1:04-CR-32(2) |
| | § |
| KISH DANO POWELL | § |

## FINDINGS OF FACT AND RECOMMENDATION ON PLEA OF TRUE BEFORE THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and the Local Rules for the District Court, Eastern District of Texas, the District Court referred this matter for hearing and the submission of findings of fact and a report and recommendation pursuant to 18 U.S.C. §§ 3401(i) and 3583(e). The United States alleges that Defendant, Kish Dano Powell, violated conditions of supervised release imposed by United States District Judge Ron Clark. The United States Probation Office filed its *First Amended Petition for Warrant or Summons for Offender Under Supervision* (doc. #160) requesting the revocation of the defendant's supervised release

The Court conducted a hearing on October 31, 2012, in accordance with Federal Rules of Criminal Procedure 11, 32 and 32.1. Defendant was present and represented by counsel at the

hearing. Having heard the evidence, this court factually finds that the defendant has violated conditions of supervision and recommends that such violation warrants the revocation of his supervised release.

After conducting the proceeding in the form and manner prescribed by Federal Rule of Criminal Procedure11, the Court finds:

    a.    That Defendant, after consultation with counsel of record, has knowingly, freely and voluntarily consented to the administration of the plea of true in this cause by a United States Magistrate Judge subject to a final approval and imposition of sentence by the District Court.

    b.    That Defendant is fully competent and capable of entering an informed plea, that Defendant is aware of the nature of the charges and the consequences of the plea, that his plea of true is a knowing and voluntary plea, not the result of force or threats, and that the plea is supported by an independent evidentiary basis in fact establishing each of the essential elements of the conduct.

## STATEMENT OF REASONS

**A. Procedural History**

On September 28, 2004, The Honorable Ron Clark, United States District Judge, sentenced Mr. Powell after he pled guilty to the offense of conspiracy to commit offenses against the United States, a Class D felony. Judge Clark sentenced the defendant to 8 months imprisonment, followed by 3 years of supervised release subject to the standard conditions of release, plus special conditions to to include home detention not to exceed 40 days, pay the financial penalty imposed by the judgment, financial disclosure, prohibition from gambling unless the financial obligation is paid in full, no new lines of credit, substance abuse treatment and testing, no contact with any co-

defendants, restitution in the amount of $9,837.78 and a $100 special assessment. On March 1, 2010, Kish Dano Powell completed his period of imprisonment and began service of the supervision term.

### B. Allegations in Petition

The United States alleges that the defendant violated the following standard condition of supervised release:

*The defendant shall not frequent places where controlled substances are illegally sold, used, distributed or administered.*

On July 1, 2012, Mr. Powell exited his vehicle and entered the passenger side of [a] male's large green truck. He exited the truck and re-entered his vehicle with a small bag of marijuana. He later told his victim/passenger it was "hydro," "good weed."

### C. Evidence presented at Hearing

At the hearing, the Government proffered evidence as its factual basis for the allegations set out *supra*. The Government would offer testimony from Detective H. Otis with the Port Arthur Police Department establishing that on July 1, 2012, he was serving on arrest warrant on Kish Dano Powell for the charge of aggravated sexual assault. On this date, Otis went to the residence of the defendant and encountered the defendant. Otis would testify that Powell stated that he had smoked weed with the alleged sexual assault victim. Detective Otis would also state that the victim made a statement that she was in the vehicle with Powell on July 1, 2012, when Powell went to a friend's house where a male in a green truck pulled up and Powell got inside of the truck. Shortly thereafter Powell re-entered his own vehicle with what appeared to be a bag of marijuana. Testimony would also establish that Powell repeatedly referred to the marijuana as "hydro" and "good weed."

Defendant, Kish Dano Powell, offered a plea of true to the allegations in the petition. Specifically, he agreed with the evidence presented and pled true to the allegation that he frequented a place where controlled substances are illegally sold, used, distributed, or administered, in violation of his supervision conditions.

**D. Sentencing Guidelines; Findings and Recommended Disposition**

The allegations, supporting evidence and plea of true warrant revocation of supervised release. *See* 18 U.S.C. § 3583(e)(3). The Court factually finds by a preponderance of the evidence that the defendant violated a standard condition of his supervised release by frequenting a place where controlled substances are illegally sold, used, distributed, or administered.

If the Court finds that Mr. Powell violated his supervision conditions in the manner stated above, this will constitute a Grade C violation under U.S.S.G. § 7B1.1(a). Upon finding a Grade C violation, the Court may revoke the defendant's supervised release. *See* U.S.S.G. § 7B1.3(a)(2). Based upon the defendant's criminal history category of IV and the Grade C violation, the Sentencing Guidelines suggest a sentence of imprisonment for a period ranging from 6 to 12 months. *See* U.S.S.G. § 7B1.4(a). Because the original offense of conviction was a Class D felony, the statutory maximum imprisonment term upon revocation is two (2) years. *See* 18 U.S.C. § 3583(e)(3).

The Fifth Circuit states that Chapter 7 of the Sentencing Guidelines regarding the revocation of supervised release is advisory only. *See United States v. Cade*, 279 F.3d 265, 271 n.2 (5th Cir. 2002) (citing *United States* v. *Montez*, 952 F.2d 854, 859 (5th Cir. 1992); *United States v. Headrick*, 963 F.2d 777, 782 (5th Cir. 1992)). Because Chapter 7 was promulgated as an advisory policy statement and there are no applicable guidelines for sentencing after revocation of supervised

release[1], the Court may impose a greater or lesser sentence upon revocation. *United States v. Gonzalez*, 250 F.3d 923, 925 (5th Cir. 2001). Further, a sentence imposed for revocation will be upheld unless it is in violation of the law or plainly unreasonable. *Id. See also United States v. Pena*, 125 F.3d 285, 288 (5th Cir. 1997) (citations omitted).

Here, the evidence and the defendant's own admission support a finding that he violated his supervision conditions. The Court, therefore, finds by a preponderance of the evidence that the defendant committed a Grade C violation of his supervision conditions. The defendant knowingly and voluntarily pled true and agreed with the Court's recommended sentence for the violation.

Although the Sentencing Guidelines suggest a term of imprisonment of 6 to 12 months for the Grade C violation, the Court concludes that the circumstances of the case and the evidence presented support a sentence above that suggested by the Guidelines for the conduct at issue. The Court most notably reaches this determination based on the parties' agreement regarding an upward departure.

Accordingly, based upon the defendant's plea of true, the agreement of the parties, and the evidence presented in this case, it is the recommendation of the undersigned United States Magistrate Judge that the District Court accept the plea of true and revoke the defendant's supervised release. The undersigned magistrate judge further recommends that the District Court order the defendant, Kish Dano Powell, to serve a term of **16 months imprisonment** with no further supervision to follow in this case. Pursuant to the parties' agreement, the Court further recommends that Mr. Powell receive **credit for time** toward this federal sentence for four (4)

---

[1] *See U.S. Sentencing Guidelines Manual*, Ch. 7, pt. A, cmt. 1 ("At this time, the Commission has chosen to promulgate policy statements only.")

months time he spent in state custody in the Jefferson County Jail after his arrest for the underlying alleged sexual assault incident.[2]

## **OBJECTIONS**

Objections must be: (1) specific, (2) in writing, and (3) served and filed within fourteen (14) days after being served with a copy of this report. *See* 28 U.S.C. § 636(b)(1).

A party's failure to object bars that party from: (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, *see Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error of unobjected-to factual findings and legal conclusions accepted by the district court, *see Douglass v. United Servs. Auto. Ass'n.*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc). The constitutional safeguards afforded by Congress and the courts require that, when a party takes advantage of his right to object to a magistrate's findings or recommendation, a district judge must exercise its nondelegable authority by considering the actual evidence and not merely by reviewing and blindly adopting the magistrate judge's report and recommendation. *See Hernandez v. Estelle,* 711 F.2d 619, 620 (5th Cir. 1983); *United States v. Elsoffer*, 644 F.2d 357, 359 (5th Cir. 1981) (per curiam).

**SIGNED this the 6th day of November, 2012.**

_____
KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE

---

[2]*See* 18 U.S.C. § 3585(b)(addressing credit toward the service of a term of imprisonment for any time spent in official detention prior to the date the sentence commences); U.S.S.G. § 7B1.3, n.3.